### DIMOCK & FINK CO. v. MITCHELL et al.

(Supreme Court, Appellate Term.    June 25, 1909.)

1. GUARANTY (§ 91*)—SUFFICIENCY OF EVIDENCE.

In an action against a principal debtor and his guarantor to recover the price of goods sold the principal debtor, evidence showing payments to the plaintiff on account of the principal debtor is not sufficient to reduce the amount due from the guarantor, where, though the evidence shows that the payments were made subsequent to the guaranty, it does not show that they were made for goods sold and delivered by plaintiff to the principal debtor subsequent to the guaranty.

[Ed. Note.—For other cases, see Guaranty, Dec. Dig. § 91.*]

2. APPEAL AND ERROR ·(§ 901*) — REVERSAL — RECORD OF JUDGMENT AGAINST PRINCIPAL DEBTOR.

Though, on appeal in an action brought against a principal debtor and his guarantor from ·a judgment in favor of the guarantor, there was a statement in appellant's brief that a judgment was rendered against the principal debtor, the judgment will not be reversed, on the ground that such judgment might be conclusive on the guarantor as to the sale, delivery, and value of the goods, where there is no record of such judgment rendered against the principal debtor.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 901.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Dimock & Fink Company against Warren J. Mitchell and Cornell J. Mitchell. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Roelker, Bailey & Curtis, for appellant.
Langbein & Langbein, for respondents.

PER CURIAM. This action is brought against Cornell J. Mitchell, as principal debtor, who is alleged to have purchased certain goods from the plaintiff, and against Warren J. Mitchell, who is alleged to have become liable to the plaintiff for the value of such goods through having delivered to the plaintiff an undated instrument in which he guaranteed the payment, up to $500, of such goods as might be sold by the plaintiff to Cornell J. Mitchell.

The instrument of guaranty provides that the guarantor "will pay the same on demand"; but the references in the briefs to the matter of demand and the futile attempt of the plaintiff to prove demand seem unnecessary, as the allegation of demand is not denied. The defendant attempted to show, not by way of part payment of the amount now demanded, but in denial of the allegation of an existing guaranty good up to $500, two payments, aggregating $439.69, to the plaintiff on account of the principal debtor. The defendant ·shows that these payments were made subsequent to the execution of ·the ·guaranty, but does not show that they were made for goods sold and delivered by the plaintiff ·to the principal debtor subsequent to the ·execution of ·the guaranty, and his attempted reduction of the·nominal.debt·limit of the guaranty thus fails.

---

*For other cases see same topic &·§ NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

There appears on the record no proof of the sale and delivery, or of the value, of the goods referred to in the complaint and set forth in the bill of particulars; and the brief of the appellant, entirely without warrant so far as the return discloses, states that the defendant guar-. antor admits to be due an amount corresponding to that demanded in the complaint. We are unable to find any record of such binding admission. It appears from the brief of the appellant that upon the trial judgment was rendered against the principal debtor for the amount demanded in the complaint, and although no stress is laid upon this feature in the argument, yet if this were the fact it might well be maintained that, under the circumstances, such judgment would be conclusive upon the guarantor defendant as to the sale, delivery, and value of the goods in question. We do not find in the return, however, any record of a judgment rendered herein against the principal debtor, and therefore cannot give the appellant the relief which might be possible if the argument were confirmed by the return.

Judgment affirmed, with costs.